# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| James B. Weersing, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:13-cv-03242-JMC |
| ) | |
| Marcia Fuller, John and Jane Does, Michael ) | **ORDER** |
| L. Fair, Boyd H. Parr, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon Plaintiff James B. Weersing's ("Plaintiff") motion for timely response and request for certificate of appeal (ECF No. 26), which the court has construed as a motion for reconsideration.[1] In his motion, Plaintiff requests that the court reconsider its order dismissing this case without prejudice due to Plaintiff's failure to bring the case into proper form as requested (ECF No. 22). (ECF No. 26 at 1.)

Plaintiff contends that his complaint was dismissed due to bias.[2] (*Id.*) Moreover, Plaintiff appears to argue that his motion for reconsideration of the court order in a related case which severed that case and resulted in the instant action's creation, *see McFadden v. Fuller*, C/A No. 2:13-cv-02290-JMC, 2013 WL 6182365 (D.S.C. Nov. 22, 2013), stayed the deadlines

---

[1] Plaintiff also moves for a certificate of appealability. (ECF No. 26.) The court denies Plaintiff's motion for a certificate of appealability as improper because such certificates are only issued in federal habeas corpus proceedings. *See* 28 U.S.C. § 2253. Generally, all final orders of this court are appealable. *See* 28 U.S.C. § 1291.

[2] The court finds that Plaintiff's allegation of bias is unsupported and meritless. "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). "Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). There is no bias evident in this court's decision to dismiss this action without prejudice due to Plaintiff's repeated failure to bring this action into proper form.

for this action.  (*See* ECF No. 26 at 1–2.)  In other words, Plaintiff seems to take the position that since the court had not yet ruled on his motion for reconsideration regarding the court's decision to sever, the deadlines in this new action were suspended.  (*See id.*)

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice.  *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010).  The court finds that Plaintiff has failed to set forth any intervening change in the law or new evidence that would alter the court's decision to dismiss this action without prejudice.  The court is also satisfied that no clear error of law or manifest injustice has resulted from its May 2, 2014 order (ECF No. 22).  The court is unaware of any support for Plaintiff's apparent contention that his deadlines in this action should have been stayed pending his motion for reconsideration in the related case which created this action.

Therefore, Plaintiff's motion for reconsideration (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 15, 2014
Columbia, South Carolina